UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LYNN RAY GRIM,<br><br>                    Petitioner,<br>     v.<br>RUSSELL, *et al.*,<br><br>                    Respondents. | Case No. 3:22-cv-00322-MMD-CLB<br><br>ORDER |

       Petitioner Lynn Ray Grim, a Nevada state prisoner, has filed a *pro se* petition on the form for a petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1-1) and an application to proceed *in forma pauperis* (ECF No. 1). Grim seeks relief with respect to the way his inmate financial account is being managed.

       Section 2241 of Title 28 provides relief for prisoners in custody in violation of the Constitution, laws, or treaties of the United States. *See* § 2241(c)(3); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Grim's claims are not cognizable under 28 U.S.C. § 2241 because they do not concern the fact or duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Instead, he is challenging the conditions of his confinement, which makes a civil rights action under 42 U.S.C. § 1983 his proper means for relief. *Id.* at 499.

       In addition, court records show that Grim filed a nearly identical petition in an earlier case, *Grim v. Russell*, Case No. 3:22-cv-00012-MMD-WGC. That petition was dismissed without prejudice as not cognizable under 28 U.S.C. § 2241. As the Court previously informed Grim, 42 U.S.C. § 1983 is the proper means for relief to challenge conditions of confinement. Accordingly, the Court sent Grim a form for a civil rights complaint under 42 U.S.C. § 1983. Despite this, Grim has again initiated a suit on the form for habeas corpus actions. The Court will therefore dismisses the instant petition without prejudice, but

without leave to amend, as Grim's assertions are not cognizable under federal habeas corpus relief.

It is therefore ordered that this action is dismissed without prejudice. If Grim wishes to pursue his claims, he must file a new cause of action in a new proceeding.

It is further ordered that Grim's application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

It is further ordered that a certificate of appealability is denied, as jurists of reason would not find the dismissal of this action to be debatable or wrong.

The Clerk of Court is directed to enter judgment accordingly and close this case.

The Clerk of Court is further directed to send Grim the form for a civil rights complaint under 42 U.S.C. § 1983.

DATED THIS 1st Day of August 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE